## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Travelers Casualty Company | ) | |
| of Connecticut, | ) | |
| | ) | Civil Action No.: 1:12-cv-02548-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Ada B. Legree, | ) | |
| Timothy Ginn and Angie Ginn | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Ada B. Legree and Defendants Timothy and Angie Ginn's (together, "Defendants") Motions to Dismiss [Dkt. Nos. 11, 16] seeking to dismiss Plaintiff's declaratory judgment action on the ground that the court is without subject matter jurisdiction. Alternatively, Defendants request that if the court decides it does have jurisdiction, the court decline to exercise it.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2010, Defendant Ada Legree was driving her mother's automobile in Bamburg County, South Carolina. Complaint ¶ 9 [Dkt. No. 1]. Ms. Legree and Defendant Timothy Ginn had an accident, which also involved a non-party, Quincy Sanders. *Id.* ¶ 12. At the time of the accident, Defendant Angie Ginn and Marie Ginn (Timothy Ginn's mother) were passengers in Mr. Ginn's vehicle. *Id.* ¶ 11. Ms. Legree had the express permission of her mother, Yolanda Legree, to drive the car. *Id.* ¶ 10. The vehicle itself was covered under Ms. Yolanda Legree's insurance policy with Plaintiff Travelers Casualty Company of Connecticut ("Travelers"), which had limits of $25,000.00 per person and $50,000 per accident (the

1

"Travelers' Policy").[1]  *Id.* ¶ 13.  Defendant Legree owned a separate vehicle that was insured by Allstate, which provided $25,000.00 per person and $50,000.00 per accident in coverage (the "Allstate Policy").  *Id.* ¶ 16.  The Travelers Policy provided primary liability coverage for this incident while the Allstate Policy provided excess coverage.  *Id.* ¶ 18.

On November 23, 2010, Travelers received notice that two suits had been filed against Defendant Legree in the South Carolina Court of Common Pleas for Allendale County (the "Underlying Actions").  *Id.* ¶ 20.  Travelers hired an independent attorney, Kirby Shealy, to represent Ms. Legree in the Underlying Actions.  *Id.* ¶ 23.  Travelers authorized Mr. Shealy to enter into a global settlement in which Travelers was to pay out the $50,000 per accident policy limit.  *Id.* ¶ 25.  In February 2011, the parties reached an agreement to divide the Travelers' limits between the claimants in exchange for releases from Marie Ginn, Quincy Sanders and Donna Breeland (a third party also injured in the accident) and covenants not to execute against Ada Legree from the Ginn Defendants.  *Id.* ¶ 26.  After the agreement was reached, the Ginns' attorney informed Travelers that the Ginns would not sign the covenants not to execute until they settled their claim for excess coverage under the Allstate Policy.  *Id.* ¶ 28.  Shealy thus advised Travelers not to issue the settlement checks until the excess coverage issue was settled.  *Id.* ¶ 29.

On June 7, 2011, Travelers sent Allstate a letter (at Allstate's request) that confirmed the Travelers' Policy limits were being exhausted by the proposed settlement agreement.  *Id.* ¶ 31. On June 16, 2011, the Ginns' attorney sent a letter to Shealy and Allstate acknowledging the settlement and demanding that Allstate tender the limits of its excess coverage.  The letter indicated that the Ginns would proceed against Legree and execute against her personally if both insurers did not send checks and certified copies of both policies by June 24, 2011.  *Id.* ¶ 33.

---

[1] Plaintiff attached the Traveler's Policy to the Complaint, so it is properly considered in the Motion to Dismiss.  *See* Fed. R. Civ. P. 12.

Allstate did not tender the policy limits until after the deadline. *Id.* ¶ 35. Travelers sent the settlement check to Shealy before June 24, 2011. *Id.* ¶ 36. The checks were to be held in trust until the covenants not to execute were signed. *Id.* ¶ 37. Shealy mailed the checks and the covenants to the Ginns' attorney on June 28, 2011. *Id.* ¶ 38. On June 30, 2011, the Ginns' attorney rejected the checks and notified Travelers that the Ginns would seek recovery against Defendant Legree in excess of all available coverage. *Id.* ¶ 39.

On May 3, 2012, Defendant Legree and her personal attorney Luginbill executed a document entitled the "Agreement to Stay Execution of Judgment and Springing Covenant Not to Execute" (the "Ginn-Legree Agreement"). This agreement protected Defendant Legree "from being subject to any judgment that may be entered in the Underlying Actions or any other actions that may be brought by the Ginns or on their behalf arising from the Accident." *Id.* ¶ 42. The Ginns received $350,000 from Allstate on Legree's behalf as consideration for signing the Ginn-Legree Agreement. *Id.* ¶ 43. On May 17, 2012, Defendant Legree (with the assistance of Luginbill) entered into a Settlement Agreement and General Release ("Settlement and Release"), which incorporated the Ginn-Legree Agreement by reference. *Id.* ¶ 45. The Settlement and Release stated that Allstate secured the Ginn-Legree Agreement "to protect Legree from being subject to any judgment that may be entered in the Underlying Actions…" *Id.* ¶ 46. On May 21, 2012, Luginbill sent a letter to Travelers demanding it settle the case for an amount over the policy limit or agree to satisfy any underlying judgment. *Id.* ¶ 48. Luginbill stated that Legree would confess judgment in the Underlying Actions and file a bad faith suit against Travelers if Travelers did not pay or agree to cover any underlying judgment. *Id.* ¶ 49.

On September 4, 2012, Travelers filed a declaratory judgment action in this court, seeking determination that (1) Travelers is not obligated to indemnify Legree for any amounts

owing under a confession of judgment or jury verdict because Legree cannot be legally liable for those amounts, (2) Travelers is not obligated to indemnify Legree for a confession of judgment, (3) Legree is barred from bringing a bad faith action against Travelers, and (4) Travelers' actions were reasonable and in good faith.  *Id.* ¶ 81.

## LEGAL STANDARD

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Subject matter jurisdiction in federal courts is limited to actual "cases or controversies" as defined by Article III of the United States Constitution.  *Allen v. Wright*, 468 U.S. 737, 750 (1984).  "The case-or-controversy doctrines [including ripeness] state fundamental limits on federal judicial power in our system of government."  *Id.*  The purpose of the ripeness doctrine is to "prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements."  *Permanent Gen. Assurance Corp. v. Moore*, 341 F. Supp. 3d 579, 581 (D.S.C. 2004) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)).  The doctrine of ripeness may appear somewhat incongruous with the Declaratory Judgment Act, which does allow a court to issue judgment before the actual injury occurs.  *See id.*  However, a declaratory judgment action does require an actual controversy; the party seeking the declaratory judgment must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id.* (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 327 (4th Cir. 1996). The court

4

may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

"Insurance policies are subject to the general rules of contract construction." *Auto-Owners Ins. Co. v. Carl Brazell Builders, Inc.*, 356 S.C. 156, 162, 588 S.E.2d 112, 115 (2003) (quoting *B.L.G. Enterprises, Inc. v. First Financial Ins. Co*., 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999)). "The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language." *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009). However, at this juncture, the question for the court is whether or not this matter is ripe for adjudication.

Defendants assert that Travelers' first cause of action for a declaration that Travelers is not obligated to indemnify Legree for any amounts owing under a confession of judgment or verdict because Legree has not raised the Ginn-Legree Agreement as a defense in the underlying action. The court disagrees. Defendants attempt to frame the Ginn-Legree Agreement as a release of liability rather than a covenant not to execute. While a release of liability would have to be pled as an affirmative defense in the Underlying Actions, as Plaintiff points out, "a covenant not to execute in this case is not a defense to a tort action since it does not affect the Ginns' ability to be awarded a judgment against Legree." Response at 7 [Dkt. No. 18]. The

Ginn-Legree Agreement specifically states "this Agreement in no way limits [the Ginns] rights to maintain, pursue or obtain a verdict and judgment against [Legree]." [Dkt. No. 1-5, ¶ 3(c)]. Therefore, the Ginn-Legree Agreement has no effect on the ability of Defendants to pursue their action in state court and need not be asserted as an affirmative defense for it to have an effect. The Ginn-Legree Agreement is a contract, separate and apart from the Underlying Actions. That contract allows the Ginns to proceed against Legree in state court. The question of whether Travelers would be responsible for any such judgment is a separate issue and one that is not currently pending before the state court in the Underlying Actions. Indeed, Travelers is not even a party in the Underlying Actions. Therefore, Defendants' first argument is unpersuasive.

The same analysis applies to the second cause of action, in which Travelers claims it is not obligated to indemnify Legree for a confession of judgment. As Travelers points out, this count seeks a declaration of Travelers' responsibilities in the event that the Underlying Actions are resolved through a confession of judgment rather than a jury verdict. Response at 12. These two causes of action seek the quintessential declaratory judgment—what legal obligations Travelers owes under the Travelers Policy and the Ginn-Legree Agreement. The court therefore determines that it does have jurisdiction over these claims.

Courts may decline jurisdiction over declaratory judgments on discretionary grounds. However, "[t]his discretion is not unbounded [because] a district court may not refuse to entertain a declaratory judgment action out of 'whim or personal disinclination' but may do so only for 'good reason.'" *Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC*, 763 F. Supp. 2d 769, 774 (D.S.C. 2011) *on reconsideration in part*, 4:10-CV-683-TLW, 2011 WL 4962917 (D.S.C. Oct. 18, 2011) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994)). In contemplating such discretion, the court is to consider "(1) [whether] the

judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) [whether] it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir. 1937). In addition to the above *Quarles* factors, when there is an underlying state court action as in this case, courts should determine:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Auto Owners Ins. Co.*, 763 F. Supp. at 774 (D.S.C. 2011) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 351, 377 (4th Cir. 1994)).

Here, the determination of whether Travelers is responsible for any judgment against Ms. Legree will serve to clarify the legal relationships at issue in the Ginn-Legree Agreement and under the Travelers Policy and will give certainty to such relationships to allow the parties to more efficiently and expeditiously resolve the controversy between the parties. Therefore, the *Quarles* factors are met here. Moreover, the court does not find that the *Nautilus* factors should preclude jurisdiction in this instance. The state court does not have a strong interest in deciding these issues as these matters are not pending before the state court. As noted, the question before the state court in the Underlying Actions is the potential liability of Ms. Legree in regard to the accident. Travelers is not a party in the Underlying Actions. Here, the issue is the legal relationship between Defendant Legree and Travelers. Therefore, as these matters are not pending before the state court, there is no concern of the state court resolving the issues more efficiently or of significant entanglement between the actions. The court also does not find that Travelers is forum shopping, as it is entitled to a federal forum since it meets the dictates of

diversity jurisdiction[2] and is not a party in the state action. Therefore, the court DENIES the Motions to Dismiss as to Counts One and Two.

Counts Three and Four, however, seek a determination that Travelers has acted in good faith with respect to Defendant Legree's claims. The court finds that these claims are not yet ripe for adjudication. The case of *Permanent Gen. Assurance Corp. v. Moore* is instructive in this respect. In *Moore*, the court determined that an insurance company's request for a declaratory judgment that it had not acted in bad faith was not ripe. *Moore*, 341 F. Supp. 2d at 581. The court held that the suit was "premature because a judgment has not been entered in the underlying cases" that exposed the insured to a verdict in excess of the policy limits. *Id.* The court reasoned that "the insured's cause of action against his insurer for bad faith failure to settle arises when the excess judgment is rendered or the insurer's bad faith occurs, which is the later event." *Id.* (quoting 21 Am. Jur. Trials 229 § 10 (2004)). Here, it is not clear that a verdict or a confession of judgment would be entered in excess of the policy limits. Second, the court's determination of Counts I and II in this action, whether Travelers is required to indemnify Ms. Legree, may very well moot these claims. Therefore, the court finds that these claims should be dismissed without prejudice as they are dependent on (1) a finding that Travelers must indemnify Ms. Legree, and (2) that a verdict or confession of judgment would be in excess of the policy limits. Therefore, Counts Three and Four are dismissed without prejudice.

---

[2] Defendants attempt unsuccessfully to argue that Plaintiff might not meet the amount in controversy if a jury returned a verdict of less than $75,000. However, Defendants have demanded upwards of $1 million from Travelers. In deciding the amount in controversy for purposes of diversity jurisdiction, courts typically look at the amount claimed and not a prediction of what will be recovered. *See Cannon v. United Ins. Co.*, 352 F. Supp. 1212, 1216 (D.S.C. 1973). The court is also unpersuaded by Defendants' contention that the court should realign the parties and name Defendant Legree as a plaintiff rather than a defendant, thus destroying diversity. The primary purpose of this suit is for Travelers to determine its legal relationship vis a vis Defendant Legree. *See US Fidelity v. Guar. Co. v. A&S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995). Therefore, Defendant Legree is properly adverse to Travelers, particularly in light of the threat of bad faith litigation.

## CONCLUSION

For the foregoing reason, the court **GRANTS IN PART AND DENIES IN PART** the Motions to Dismiss.  The Motions are **DENIED** as to Counts One and Two, and **GRANTED** as to Counts Three and Four.  Counts Three and Four are dismissed without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

July 23, 2013
Greenville, South Carolina