## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Travelers Casualty Company of Connecticut, | ) ) ) | Civil Action No. 1:12-02548-JMC |
| Plaintiff, | ) | |
| v. | ) ) | **ORDER AND OPINION** |
| Ada B. Legree, Timothy Ginn, and Angie Ginn, | ) ) ) | |
| Defendants. | ) ) | |

  This matter is before the court by way of a motion filed by Defendants Timothy Ginn and Angie Ginn (collectively the "Ginns") to reconsider an order of the court pursuant to Fed. R. Civ. P. 59(e) (the "Rule 59(e) motion"). (ECF No. 26.) In the order filed on July 23, 2013 (the "July Order"), the court granted in part and denied in part a motion by the Ginns to dismiss this declaratory judgment action. (ECF No. 23.) Plaintiff Travelers Casualty Company of Connecticut ("Travelers") opposes the Rule 59(e) motion. (ECF No. 27.) For the reasons stated below, the court **DENIES** the Rule 59(e) motion of the Ginns.

## I.  RELEVANT BACKGROUND TO PENDING MOTION[1]

  On September 4, 2012, Travelers filed this declaratory judgment action against the Ginns and Ada B. Legree ("Legree"), seeking to have the court declare the following: ("Count One") Travelers is not obligated to indemnify Legree for any amounts owed under a confession of judgment to the Ginns or jury verdict for the Ginns because Legree cannot be legally liable for those amounts; ("Count Two") Travelers is not obligated to indemnify Legree for any amounts owed under a confession of judgment to the Ginns that Legree did not intend or expect to satisfy

---

[1] The July Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference. (ECF No. 23.)

out of her own resources; ("Count Three") Legree is not a party to the contract of insurance at issue and is barred from bringing a bad faith action against Travelers; and ("Count Four") Travelers acted reasonably and in good faith in handling the claims of the Ginns under its policy of insurance.  (ECF No. 1 at 8 ¶ 81.)

On October 8, 2012, the Ginns moved to dismiss the action.  (ECF No. 11.)  They argued that the court lacked subject matter jurisdiction because there was not a case or controversy pursuant to the doctrine of ripeness.  (ECF No. 11-1 at 3-8.)  Alternatively, the Ginns argued that subject matter jurisdiction was lacking because Legree should have been aligned as a plaintiff thereby precluding complete diversity of citizenship between the parties.  (Id. at 8-13.)  On October 18, 2012, Legree also moved to dismiss the action on the basis that the court lacked subject matter jurisdiction.  (ECF No. 16.)  Legree further argued that even if the court possessed subject matter jurisdiction, it should abstain from exercising jurisdiction over the subject matter.  (ECF No. 16-1 at 3-6.)  Travelers filed opposition to the motion to dismiss of the Ginns on October 25, 2012, and to the motion to dismiss of Legree on November 5, 2012.  (ECF Nos. 18, 20.)  The Ginns filed a reply in support of their motion to dismiss on November 5, 2012.  (ECF No. 19.)  Thereafter, the court issued the July Order, specifically denying dismissal of Count One and Count Two, granting dismissal of Count Three and Count Four, and denying the motion to realign Legree as a plaintiff and to dismiss the matter for lack of diversity jurisdiction.  (ECF No. 23.)

On July 26, 2013, the Ginns filed the pending Rule 59(e) motion, rearguing that (1) "this court lacks subject matter jurisdiction under the Ripeness Doctrine"; and (2) "Legree must be realigned as a [p]laintiff which destroys diversity jurisdiction."  (ECF No. 26.)  On August 12, 2013, Travelers filed opposition to the Ginns' Rule 59(e) motion, to which the Ginns filed a

reply in support of their motion on August 19, 2013.  (ECF Nos. 27, 29.)

## II.    LEGAL STANDARD AND ANALYSIS

A.    Rule 59(e) Motions and the Parties' Arguments

The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court.  Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e).  Loren Data Corp. v. GXS, Inc., 501 Fed. Appx. 275, 285 (4th Cir. 2012).

In their Rule 59(e) motion, the Ginns do not rely on an intervening change in controlling law, refer to new evidence previously unavailable, or assert that the court committed a manifest injustice and/or clear error of law.  Instead, the Ginns generally restate arguments from their motion to dismiss that were rejected by the court in the July Order.  First, the Ginns reiterate their view that there is no case or controversy because the resolution of Count One and Count Two requires consideration of whether the Ginns and Legree have agreed to her release from legal responsibility, which is an issue in the underlying state court action.  (ECF No. 26-1 at 3.) They next reassert that the court should dismiss Count Two because "the issue of whether Plaintiff will be liable for a confession of judgment that does not exist at this point is premature." (Id. at 4.)  They then argue that the court would be providing an advisory opinion if it issues a declaration concerning a confession of judgment that does not exist.  (Id.)  Finally, the Ginns

reargue that the interest of Travelers is identical to that of Legree and, therefore, she should be realigned as a plaintiff thereby destroying diversity jurisdiction.  (Id. at 5.)

The one new argument in the Rule 59(e) motion presented by the Ginns is that Count One and Count Two should be dismissed because they are linked to the issue of bad faith, which the court has already determined to be unripe.  (Id. at 4.)  In support of this argument, the Ginns assert that if the court resolves Count One and Count Two, the result might end up making Legree personally responsible for the judgment in favor of the Ginns.  (Id. at 5 (citing Tyger River Pine Co. v. Md. Cas. Co., 170 S.E. 346 (S.C. 1933)[2]).)  Thus, the Ginns assert that dismissing Count One and Count Two is the only way to avoid a possibly prejudicial result for Legree and to ensure that Travelers does not escape responsibility for its bad faith handling of her claims.  (Id.)

Travelers opposes the Ginns' Rule 59(e) motion, asserting that they have not presented any new authority or argumentation in support of their opposition to Travelers' claims in Count One and Count Two.  (ECF No. 27 at 1.)  Therefore, Travelers expressly reiterates and restates its arguments presented in its memorandum of law in opposition to the Ginns' motion to dismiss. (Id. (citing ECF No. 18).)  In response to the new argument of the Ginns, Travelers argues that Tyger River in no way obviates any finding the court may make regarding Count One and Count Two.  (Id. at 3-4.)

In reply, the Ginns assert that this declaratory judgment action cannot accomplish Travelers' goal of shielding itself from liability for bad faith.  (ECF No. 29 at 1.)  Therefore, the court should grant their motion for reconsideration.

---

[2] In Tyger River, the insurer refused a reasonable settlement offer that was near the policy limit. The South Carolina Supreme Court held that an insurer's unreasonable refusal to settle within policy limits subjects the insurer to tort liability.  Tyger River, 170 S.E. at 348 (An insurance company is "bound, under its contract of indemnity, and in good faith, to sacrifice its interests in favor of those of the [insured][].").

B.    The Court's Review

In their pending Rule 59(e) motion, the Ginns attempt to reargue their motion to dismiss. However, Rule 59(e) motions should not be used as opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  See Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). Upon review, the court is not convinced that it should reconsider the July Order based on the arguments by the Ginns that have already been considered and rejected.  Moreover, the court is not persuaded by the Ginns' new argument that Count One and Count Two are inextricably linked to the issue of bad faith.  Travelers filed this declaratory judgment action to determine its rights under a contract of insurance and issues relevant to that determination will not be adjudicated in the underlying state court action where Travelers is not a party.  Therefore, because the Ginns have presented relatively little new substantive argument on the aforementioned issue, the court's conclusion remains unchanged.  Accordingly, the court must deny the Rule 59(e) motion of the Ginns.

## III.    CONCLUSION

For the foregoing reasons, the court **DENIES** the motion to reconsider pursuant to Fed. R. Civ. P. 59(e) of Defendants Timothy Ginn and Angie Ginn.  (ECF No. 26.)

**IT IS SO ORDERED.**

United States District Judge

February 11, 2014
Greenville, South Carolina